**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daryhl Taylor, as the Personal Representative of the Estate of Ruth T. Simpson, Respondent,

v.

Johnson & Johnson Preferred Financing, ProCentury Insurance Company, FINCO Premium Finance Co., Inc., and Carolina Independent Automobile Dealers Association, Dealers Risk and Insurance Services, Independent Dealers Insurance Management, Defendants,

Of whom ProCentury Insurance Company is the Appellant.

Appellate Case No. 2016-000867

---

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-123
Submitted February 1, 2018 – Filed March 21, 2018

---

**AFFIRMED**

---

Phillip E. Reeves and Nicholas Andrew Farr, both of Gallivan, White & Boyd, PA, of Greenville, for Appellant.

Steven M. Krause, of Krause Moorhead & Draisen, PA, of Anderson, and Timothy Alan Nowacki, of The Clardy Law Firm, P.A., of Greenville, for Respondent.

**PER CURIAM:** This appeal arises from a declaratory judgment action to determine the validity of the cancellation of an insurance policy. In the appealed order, the circuit court found the policy at issue had not been canceled based on two independent grounds: (1) unearned premiums on the policy were not refunded until after the occurrence for which coverage was sought and (2) the mailing of the notice of cancellation did not comply with relevant statutory requirements. ProCentury Insurance Company, the issuer of the policy, challenges both grounds on appeal. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. S.C. Code Ann. § 38-39-90 (2015) (setting forth the procedure to cancel an insurance contract financed by a premium service company with a power of attorney to cancel the contract); § 38-39-90(e) (requiring, if an insurance contract is canceled pursuant to this section, that the insurer return unearned premiums to the premium service company that financed the premium for the account of the insured); § 38-39-90(f) (requiring, if an insurance contract is canceled pursuant to this section, that the premium service company promptly refund any surplus over the amount due from the insured to the insured or the insured's agent of record); *Bowman v. State Roofing Co.*, 365 S.C. 112, 122, 616 S.E.2d 699, 704 (2005) ("A return of unearned premiums as required under [section] 38-39-90(e) is in effect part of [the insurer's] obligation under its policy and is therefore a condition precedent to an effective cancellation.").

2. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address all issues on appeal when its decision on one issue is dispositive).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.